UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA DEER FARMERS ASSOCIATION, et al., | Civil No. 23-3907 (JRT/LIB) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL |
| SARAH STROMMEN, *in her official capacity as Commissioner of the Minnesota Department of Natural Resources*, et al., | |
| Defendants. | |

Erick G. Kaardal and Gregory M. Erickson, **MOHRMAN, KAARDAL & ERICKSON, P.A.**, 150 South Fifth Street, Suite 3100, Minneapolis, MN 55402, for Plaintiffs.

Philip Pulitzer, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 900, St. Paul, MN 55101; Oliver J. Larson, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Defendants.

Plaintiffs Minnesota Deer Farmer's Association and its members seek to stop or delay the enforcement of Minnesota Statute § 35.155, which regulates deer farming. The Court has already dismissed this action because no fundamental right is at issue and the actions taken by the Minnesota Legislature pass rational basis review. Plaintiffs seek a different answer from the Eighth Circuit and ask the Court to issue an injunction while that appeal is pending. The Court, however, finds little merit in Plaintiffs' claims and

recognizes the burdensome consequences to the State in the event of an injunction. Thus, the Court will maintain the status quo by denying Plaintiffs' request for injunctive relief pending appeal.

## BACKGROUND

The Court recently articulated the factual background of this action in its Order dismissing the case. *See Minn. Deer Farmers Assoc. v. Strommen*, No. 23-3907, 2024 WL 3823027, at *1–2 (D. Minn. Aug. 14, 2024). So, the Court will incorporate that background by reference here and only address what is relevant to this pending motion.

The Minnesota Deer Farmer's Association and various members (collectively "Plaintiffs") initiated this action in response to the enactment of Minnesota Statute § 35.155, raising various constitutional challenges. *Id.* at *2. Plaintiffs are mostly white-tailed deer farmers with active registrations or their family members, but the group also includes Dennis Udovich, an unregistered former white-tailed deer farmer.[1] The provision at issue here is Minnesota Statute § 35.155, subdivision 10(c) which prohibits new registrations for white-tailed deer farming and only allows one transfer of existing registrations to an immediate family member.

---

[1] (Am. Compl. ¶¶ 19, 24, 29, 34, 39, 44, 49, 56, 63, 68, 73, 78, 84, 89, 94, 99, 105, 110, 115, 120, 125, 130, 132, 135, 141, 147, 152, 157, 163, 166, 170–71, Feb. 12, 2024, Docket No. 12.)

The legislature enacted the statute to prevent the spread of chronic wasting disease ("CWD").[2] CWD is a deadly, infectious disease found in Cervidae.[3] Farmed white-tailed deer contribute to the spread of CWD and increase the risk of transmission.[4]

Plaintiffs argued that § 35.155 infringes on their substantive due process rights and equal protection rights because they have a constitutional right to pursue an occupation and the Minnesota legislature treated similarly situated people differently. *Deer Farmers*, 2024 WL 3823027, at *2. Plaintiffs sought a preliminary injunction to enjoin the State from enforcing § 35.155. (Mot. for Prelim. Inj., Feb. 23, 2024, Docket No. 18.) Defendants moved to dismiss. (Mot. to Dismiss, Feb. 23, 2024, Docket No. 13.)

The Court found that the right to farm white-tailed deer is not fundamental and none of the alleged classes are suspect or quasi-suspect, so rational basis review applies. *Deer Farmers*, 2024 WL 3823027, at *3–6. Given the severity and danger of CWD, the prohibition on new registrations and limited transferability of existing registrations easily passed rational basis review. Accordingly, the Court dismissed the action in its entirety, denying Plaintiffs' motion for preliminary injunction as moot. *Id.* at *8.

---

[2] Minn. Dep't of Nat. Res., *Report: Concurrent Authority Regulating Farmed White-tailed Deer* 5 (Feb. 1, 2022), https://files.dnr.state.mn.us/aboutdnr/reports/legislative/2022/concurrent-authority-legislative-report-farmed-deer.pdf.
[3] *Id.*
[4] *Id.*

Plaintiffs appealed to the Eighth Circuit and now ask the Court to issue an injunction while the appeal is pending. (Mot. to Stay, Sept. 13, 2024, Docket No. 45.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

It is well-established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, (1982) (per curiam). Thus, once a notice of appeal is filed, a district court is ordinarily divested of its jurisdictional power over "those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs*, 459 U.S. at 58).

Federal Rule of Civil Procedure 62(d), however, allows a court to "grant an injunction on terms for bond or other terms that secure the opposing party's rights" while "an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction." Fed. R. Civ. P. 62(d). Under this rule, a court can exercise jurisdiction to preserve the status quo while an appeal is pending. *Portz v. St. Cloud State Univ.*, 470 F. Supp. 3d 979, 989 (D. Minn. 2020).

**II.  ANALYSIS**

Plaintiffs ask the Court to enjoin the enforcement of Minnesota Statute § 35.155 while their appeal is pending. A request for an injunction pending appeal is evaluated using the same factors a court uses to evaluate a motion for preliminary injunction. *Shrink*

*Mo. Gov. PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998). Courts evaluating a motion for preliminary injunctive relief weigh four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant in the absence of relief, (3) the balance between that harm and the harm injunctive relief would cause to the other litigants, and (4) the public interest. *Rodgers v. Bryant*, 942 F.3d 451, 455 (8th Cir. 2019) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). Injunctions issued while an appeal is pending typically aim to maintain the status quo. *See Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982) (collecting cases). Further, because a district court likely already ruled on the merits, an injunction pending appeal focuses on whether a substantial legal question is at issue and where the equities fall. *Id.* at 71; *see also Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 742 F. Supp. 2d 1055, 1060–61 (D.S.D. 2010).

Plaintiffs attempt to recast their likelihood of success on the merits by focusing on Cervidae farming as an agricultural pursuit. True, Minnesota considers Cervidae farming to be an agricultural pursuit. *See* Minn. Stat. § 17.452, subd. 5. But that definition alone does not impact Plaintiffs' likelihood of success on the merits. Defining Cervidae farming as an agricultural pursuit does not transform it into a fundamental right subject to strict scrutiny. The Court previously declined to recognize farming as a fundamental right in alignment with binding Eighth Circuit precedent. *See United States v. Plume*, 447 F.3d

1067, 1075 (8th Cir. 2006) ("The Supreme Court has not declared 'farming' to be a fundamental right, and we decline to do so today.").

Plaintiffs also direct the Court's attention to Udovich's complete prohibition from entering the white-tailed deer farming industry. But the Court also rejected this argument, finding that pursuing an occupation is not a fundamental right. *See Singleton v. Cecil*, 176 F.3d 419, 429 (8th Cir. 1999) (declining to consider "occupational liberty [as] sufficiently fundamental to qualify for substantive due process protection"). Relying on *Robbins v. Becker*, Plaintiffs argue that Udovich's inability to pursue the profession at all, as opposed to being subject to regulations after entry, violates the Fourteenth Amendment because pursuing a profession is a fundamental right. *Robbins*, however, does support the premise that pursuing an occupation is a fundamental right but rather that it warrants some liberty protections. 794 F.3d 988, 994 (8th Cir. 2015). Not all liberty interests are fundamental rights. *See*, *e.g.*, *Karsjens v. Piper*, 845 F.3d 394, 407 (8th Cir. 2017). Liberty interests receive the protections afforded by rational basis review. *Id.* Under rational basis review, the challenged statute passed. Nothing has convinced the Court that the Plaintiffs now have a greater likelihood of success on the merits.

The Court recognizes that Plaintiffs ask a substantial question of law on appeal: whether pursuing the profession of white-tailed deer farming is a fundamental right and if not, whether the Minnesota Legislature acted arbitrarily or capriciously in enacting this legislation. *Walker*, 678 F.2d at 71 ("[W]here the movant has raised a substantial question

and the equities are otherwise strongly in his favor, the showing of success on the merits can be less."). Contrary to Plaintiffs' assertion, however, granting an injunction while the Eighth Circuit resolves these questions would not protect the status quo. Instead, granting the requested injunction, which would allow Udovich and others to obtain a registration, would inject additional uncertainty into the future of white-tailed deer farming and increase the State's exposure to CWD.

Because Plaintiffs present a substantial legal question, the Court must weigh the potential harms in issuing an injunction. The Court is not convinced that Udovich or others would suffer irreparable harm. Irreparable harm must be certain and imminent and have no adequate remedy at law. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Plaintiffs allege that the potential delay to enter the white-tailed deer farming market is irreparable harm because it prevents exercising what Plaintiffs argue is a fundamental right: pursuing a profession of their choice. Plaintiffs rely on the dissent in *Planned Parenthood Minn., N.D, S.D. v. Rounds*, which cited to an opinion that described any loss of First Amendment freedoms as irreparable injury. 530 F.3d 724, 752 (8th Cir. 2008) (Murphy, J., dissenting) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). But in this case Plaintiffs are not being denied any fundamental rights. Further, the majority opinion in *Planned Parenthood* described that a low likelihood of success on the merits weakens the threatened irreparable harm of losing constitutional freedoms. *Id.* at 737

n.11 (Gruender, J. majority opinion) (citing *Elrod*, 427 U.S. at 373).  The Court therefore finds an insufficient showing of irreparable harm.

Even assuming that Udovich and others seeking registration face irreparable harm, the harms to the State and the public significantly outweigh any harm to the Plaintiffs. The state has determined that CWD is a significant disease and farming white-tailed deer contributes to the spread of CWD.  In addition to the increased risk of CWD, any new registrations issued before the Eighth Circuit's ruling would cause uncertainty.  If the Eighth Circuit affirms the Court's ruling, anyone issued a registration in the interim would find themselves with invalid registrations and a farming operation that cannot continue. If the Eighth Circuit disagrees, however, the State could then easily issue new registrations. The Court will protect the status quo by declining to issue the injunction requested by the Plaintiffs.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Stay or for an Injunction Pending Appeal [Docket No. 45] is **DENIED**.

DATED:  December 6, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge